UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sean T. Hoskin,                                                      Case No. 1:24-cv-2186

      Petitioner

   v.                                                                    ORDER OF DISMISSAL

Warden Harold May,

      Respondent

On December 17, 2024, *pro se* petitioner Sean T. Hoskin filed a habeas petition pursuant to 28 U.S.C. § 2254. (*See* Doc. No. 1). When Petitioner filed the petition, he failed to pay the filing fee or submit a complete and proper application to proceed *in forma pauperis*. On January 15, 2025, United States Magistrate Judge Amanda M. Knapp ordered Petitioner to pay the filing fee of $5 or file a proper application within 30 days of the Order ("Deficiency Order"). (Doc. No. 3). The Deficiency Order expressly cautioned Petitioner that the case may be dismissed if he failed to comply with the Deficiency Order. (*Id.*).

*Pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The latitude afforded *pro se* litigants, however, does not extend to compliance with readily understood orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (Rule 41(b) dismissal is appropriate when a *pro se* plaintiff fails to comply with readily comprehended court deadlines); *see also Needham v. Butler Cnty. Jail*, No. 1:19-CV-294, 2019 WL 5899326, at *4 (S.D. Ohio Nov. 12, 2019) (warning plaintiff that his *pro se* status and professed health conditions do not relieve him of his obligation to fully comply with court orders and rules of civil procedure), report and recommendation adopted, No. 1:19CV294, 2019 WL 6682155 (S.D. Ohio Dec. 6, 2019).

Where a *pro se* petitioner fails to comply with a district court's deficiency order, his or her case is subject to dismissal without prejudice for want of prosecution. *See, e.g., Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (finding dismissal of a Section 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming the dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply); *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir.2001) (affirming the district court's dismissal of a habeas corpus petition without prejudice for want of prosecution because the petitioner failed to comply with the deficiency order).

Here, Judge Knapp notified Petitioner of the filing fee deficiency, provided specific instructions to cure the deficiency, attached a blank application to proceed *in forma pauperis*, granted Petitioner 30 days to correct the deficiency, and warned that failure to comply may result in dismissal of this action without further notice. (Doc. No. 3). A copy of the Deficiency Order was mailed to Petitioner at his address of record, and there is no indication on the docket that the mailing was returned as undeliverable.

To date, Petitioner has not addressed the filing fee deficiency, sought an extension of time to do so, or provided the Court with any explanation as to why he could not comply. Accordingly, I now dismiss this action without prejudice for failure to prosecute. I also certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge